IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROMEO G. EZIKE,

    Plaintiff,

vs.    No. 04 C 4476

DHL/AIRBORNE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

Plaintiff Romeo Ezike, pro se, sues defendant DHL Express (USA), Inc. (DHL) for employment discrimination, harrassment and retaliation under Title VII of the Civil Rights Act of 1964 and for violation of his civil rights under 42 U.S.C. § 1981. Before the court are the parties cross-motions for summary judgment. For the reasons stated below, I deny Mr. Ezike's summary judgment motion and grant summary judgment in favor of DHL.

Mr. Ezike is not trained in the law. Initially, I appointed counsel to represent him, but I was compelled to allow appointed counsel to withdraw because he and Mr. Ezike could not agree on strategy. Mr. Ezike wished to pursue, among other things, a claim under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. (RICO), which, it was clear from his statements in court, would not withstand a motion to dismiss.[1]

---

[1] Mr. Ezike's complaint alleged only employment related violations of civil rights laws. At some point he stated that the cover sheet filed in court showed that he was also alleging

## Procedural Background

On April 27, 2004, Mr. Ezike filed a charge of discrimination against DHL which was processed by the Equal Employment Opportunity Commission (EEOC). The charge alleged that Mr. Ezike had been employed by DHL on March 22, 2004 as a Driver/Carrier/Loader; that he had been subjected to less favorable terms and conditions of employment than similarly situated co-workers who are not of a Caribbean/African origin in that he was given equipment and trucks with defects while they were not, was provided with less training, and was denied continuous work assignments while they were not. He also charged that he complained to DHL of discrimination on April 13, 2004, and was discharged on that date; that he believed he had been discriminated against because of his national origin, Caribbean/African, and had been retaliated against in violation of Title VII.

On June 25, 2004, EEOC found that it was unable to conclude that the information obtained established violations of the relevant statutes and issued its dismissal of the charge and notice of suit rights. Mr. Ezike filed his complaint herein on July 7, 2004, naming as defendants, in addition to DHL, another former

---

violations of RICO but he is mistaken. That is irrelevant if either his complaint or a proposed amendment would support a claim under RICO but none of his filings, including a document filed in response to defendant's answer, plaintiff's motion for summary judgment and other motions filed at various times, can be construed to support a claim under RICO.

2

employer, Hoffman Enclosures, Inc. (Hoffman) and Mike Bauman, described by Mr. Ezike as "head of the transportation union." Hoffman and Bauman are located in Minnesota. Mr. Ezike alleged that DHL, Hoffman and Bauman were all involved in a conspiracy to harrass him physically and mentally and prevent him from working. On September 24, 2004, I granted Hoffman and Bauman's motion to dismiss, noting that their alleged conduct was the subject of another EEOC charge filed by Mr. Ezike in 2001, which he did not pursue until he filed the instant action, and that the complaint, as to those defendants was clearly barred by the statute of limitations. The complaint was left standing as to DHL.

On March 16, 2005, Mr. Ezeki filed his motion for summary judgment, not only on the claims alleged in his complaint, but on the alleged RICO violation as well.

## Standard of Review

Summary judgment is proper if the record shows that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). On a motion for summary judgment both supporting and opposing affidavits must be made on personal knowledge, must set forth such facts as would be admissible in evidence, and must show affirmatively that the affiant is competent to testify to the matters stated therein. Fed. R. Civ. P. 56(e). In deciding a motion for summary judgment, I must view all evidence in the light most

favorable to the nonmoving party, *Valley Liquors, Inc. v. Renfield Importers, Ltd.*, 822 F.2d 656, 659 (7th Cir.), *cert. denied*, 484 U.S. 977 (1987), and must draw all reasonable inferences in the non-movant's favor. *Santiago v. Lane*, 894 F.2d 218, 221 (7th Cir. 1990).

## Plaintiff's Motion for Summary Judgment

Mr. Ezike's summary judgment motion continues to recite and seeks to recover on his previously dismissed claims against Hoffman and Mr. Bauman. Mr. Ezike did not file a Statement of Material Facts as to which there is no dispute. That deficiency alone is enough to warrant denial of his motion. Local Rule 56.1(a). His motion papers include what appear to be the notes of an unidentified third party, who made them during a telephone conversation with Mr. Ezike. The statements attributed to Mr. Ezike in the notes are conclusory and lack the necessary foundation for admissibility. His two paragraph declaration in which he seeks to verify his own unspecific, conclusory statements as to wrongdoing by DHL does not begin to fulfil that function. He accuses defense counsel of unethical conduct and discovery abuse without specifying facts in support of the allegations, and he takes issue with information supplied to EEOC by DHL but makes no attempt to refute DHL's version with admissible evidence of his own. He offers no reasoned argument in support of his motion, and his citations to reported decisions are neither explained nor are they of any

4

discernible relevance. For the foregoing reasons, I deny his motion for summary judgment.

## Defendant's Motion for Summary Judgment

DHL filed its motion for summary judgment on July 5, 2005. DHL also served upon Mr. Ezike the notice to pro se litigants required by Local Rule 56.2, informing him of his responsibilities in responding to DHL's motion. DHL filed a Local Rule 56.1 Statement of Material Facts, the transcript of a deposition taken of Mr. Ezike, affidavits of Michael Montgomery and Michael Murphy, DHL Cartage Managers who jointly made the decision to discharge Mr. Ezike from employment, Mr. Ezike's application for employment as a loader at a DHL facility in Chicago, Illinois, and a copy of a schedule or log which Mr. Ezike states that he kept of his work at DHL during the period he was in its employ. His employment began on March 22, 2004 when he was hired as a driver, and lasted until April 13, 2004, when his employment was terminated.

In general, the elements of a Title VII claim are: 1) the employee is a member of a protected class; 2) the employee was performing his/her job satisfactorily; 3) the employee suffered an adverse employment action; and 4) the defendant treated similarly situated employees outside his/her class more favorably. *O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004) (gender discrimination). Discrimination may be shown directly or indirectly. *Rozskowiak v. Village of Arlington Heights*, 415 F.3d 608

(7th Cir.2005) Where the direct method is used, the affected employee may, for example, make a prima facie case by showing that a person who made derogatory remarks provided input into the employment decision. *Rozskowiak, supra,* 415 F.3d at 612. If the defendant makes a prima facie showing that the adverse employment action was taken because of the plaintiff's performance deficiencies, to avoid summary judgment the plaintiff must make a prima facie showing that the purported deficiencies were pretextual. *O'Neal, supra,* 392 F.3d at 911. If the plaintiff seeks to prove retaliatory discharge under Title VII, he must show that he was engaged in statutorily-protected expression. *Culver v. Gorman & Company,* 416 F.3d 540, 545 (7th Cir. 2005). Mr. Ezike has not offered sufficient admissible proof to avoid summary judgment on any of these theories.

Mr. Ezike testified on deposition that individuals associated with the Teamsters Union and black organizations attempt to harm him on a daily basis; and that corporations, minority organizations, the Christian Identity Movement, law enforcement and government officials affiliated with the Teamsters union comprise an "apparatus" seeking to harass and harm him as a result of his having provided assistance to some Muslim immigrants in connection with an employment issue when he was working in Minnesota for Hoffman in 2000 and 2001. He testified further that even after he was fired from Hoffman, the white leadership of the Teamster union

continued (and continues to this day) to keep him under surveillance and seeks to harm him; that the harassment continues even though he he has moved around the country and even spent a period in Brazil; that he left Minnesota for Chicago when he heard that DHL was hiring; that he was not discriminated against during his employment interview at DHL; that he was hired as a casual (part-time) driver at DHL, where two of his three supervisors were African-Americans; that he knew at the time that his employment at DHL was set up by the Teamsters union but went along with it to see what would happen; and that while in DHL's employ, he suffered the kinds of discriminatory treatment described in an attachment to his complaint. He admitted that casual employees are not guaranteed employment by DHL and that he did not tell Robert Weiss, a DHL field supervisor, that he was being harassed because of his national origin or race when he went to Weiss to complain about alleged harassment. He further admitted that he did not tell Mr. Montgomery, who advised him of the termination of his employment at DHL, that he was being harassed because of his race or national origin. Mr. Ezike also testified that, "I am fully under no doubt that other than the fact that I got in trouble with the Teamsters union leadership in Minnesota I would never have faced this situation, even if DHL had hired me I probably would have been with DHL today."

Mr. Montgomery and Mr. Murphy allege in their affidavits that they made the decision to terminate Mr. Ezike's employment because of his failure to meet DHL's performance expectations and were not even aware of his national origin at the time of his termination. In Mr. Ezike's Deposition Exhibit 18, his allegedly contemporaneous record or schedule of his work for and contacts with DHL, Mr. Ezike does not mention any harassment or discrimination.

DHL argues in support of its motion, among other things, the following: 1) Mr. Ezike's own testimony establishes that the alleged harassment and retaliation of which he complains have nothing to do with his race or national origin, but were the result of the alleged campaign against him by the Teamster "apparatus"; 2) Mr. Ezike's evidence of alleged harassment and discriminatory treatment consists of mere speculation and conjecture; 3) Mr. Ezike cannot prove a prima facie case of discrimination; 4) Mr. Ezike cannot prove that the reasons for his termination given by DHL were pretextual; 5) Mr. Ezike admits that when he complained about harassment to DHL he did not mention it was because of race or national origin and thus cannot prove that he put his employer on notice that he was engaged in statutorily protected activity; 6) Mr. Ezike cannot prove retaliation throught the direct method because he admitted that he was terminated because of the continuing retaliation against him by the Teamsters; and 7)) Mr. Ezike cannot prove retaliation by the indirect method because he

8

does not refute the argument that he was not meeting DHL's performance expectations.

Mr. Ezike filed a document entitled "Plaintiff's Motions to denial (sic) summary judgment to the defendant", which I have accepted as his opposition to DHL's motion. It is a compendium of statements which indicate his disagreement with ways in which DHL has summarized portions of his deposition testimony, but offers no contradictory evidence in admissible form as to any material fact. Mr. Ezike also uses the document to elaborate on the alleged conspiracy against him which he insists is orchestrated by the Teamsters, but he offers no admissible evidence to substantiate any claim against DHL under Title VII or section 1981.

Mr. Ezike's evidence of discrimination is both self-serving and self-contradictory: He insists that he was given inferior equipment and less training and ultimately discharged when others of dissimilar background were not, but he can not name any names or give any specifics of such discrimination. Moreover, he admits that DHL had some long-term employees of Caribbean/African descent.

Insofar as his claim for violation of 42 U.S.C. § 1981 is concerned, he fails to raise a disputed issue of material fact on that theory also, since the same standards that govern liability under Title VII apply to § 1981 claims. *Bennet v. Roberts*, 295 F.3d 687, 697-98 (7th Cir.2002).

For the foregoing reasons, I grant DHL's summary judgment motion and dismiss the complaint with prejudice. I deny Mr. Ezike's summary judgment motion. This case is terminated. All other pending motions are moot.

ENTER ORDER:

*Elaine E. Bucklo*
**Elaine E. Bucklo**
United States District Judge

Dated: November 10, 2005